# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1884.

---

### JOHN CHAFFE ET AL. *v.* HALPIN & BONHAM.

1. DEED. *When necessary to record. Creditors and purchasers affected thereby.*
   The creditors and purchasers as to whom an unrecorded deed of which they have no notice is void, under our statute, are only creditors of and purchasers from the grantor in the deed. As to all others, recording is not necessary to the validity of the deed.

2. SAME. *Who not creditors of grantor.*
   The judgment creditors of one who in fraud of their rights has procured the title to a tract of land to be taken in the name of his wife are not the creditors of the wife, and her conveyance of such title to a *bona fide* purchaser is valid against them, though they have no notice by record or otherwise of its existence, if it be made before they have acquired a lien on the land by the filing of a creditor's bill in chancery and the service of a summons upon the defendants, as provided by statute.

3. SAME. *Presumption as to delivery.*
   The delivery of a deed is presumed to be contemporaneous with its date, in the absence of evidence to the contrary.

4. PURCHASER. *Whether bona fide or volunteer.*
   The purchaser under a decree, in favor of a husband's creditors, subjecting land which he has caused to be fraudulently conveyed to his wife, to the payment of their judgments, is not a *bona fide* purchaser from the wife, but is as to her a mere volunteer.

APPEAL from the Circuit Court of Hinds County.
HON. T. J. WHARTON, Judge.

62 MISS.—1                                                 (1)

In 1873, when C. T. Harrison was deeply indebted, a certain tract of land was bought by him of O. P. Barrett and the title thereto taken in the name of his wife, Nannie J. Harrison. Harrison's creditors, after having reduced their debts to judgments, filed their bill in chancery on the 9th of March, 1881, against Harrison and wife, to subject this land to the payment of their judgments, on the ground that he had procured it to be conveyed to his wife to hinder, delay, and defraud his creditors. A summons was issued to the defendants on the day the bill was filed and was served on the 11th of March, 1881. In September, 1882, a final decree was rendered sustaining the charge of fraud made in the bill and directing the land to be sold to satisfy the judgments held by the complainants. Accordingly the land was sold in December, 1882, and was purchased by John Chaffe & Sons, who held one of the judgments upon which the bill of complaint was based and for the payment of which the sale was made.

On the 2d of March, 1881, Nannie J. Harrison and her husband, for the consideration of two thousand five hundred dollars, loaned to her by Halpin & Bonham, conveyed the land in question to Julian Barnett, as trustee, to secure the repayment of the two thousand five hundred dollars just mentioned to Halpin & Bonham. This instrument, though dated the 2d of March, 1881, was not acknowledged till the 22d of that month, and was not recorded till the 26th of July, 1881. The grantors in the deed of trust having failed to pay the debt thereby secured, at the maturity thereof, the trustee sold the land on the 1st of May, 1882, and the same was bought by Halpin & Bonham.

On the 18th of January, 1883, Halpin & Bonham brought this action of ejectment against Lewis Graham to obtain possession of the land above referred to, the latter being in possession thereof as the tenant of John Chaffe & Sons. Upon the application of John Chaffe & Sons, they were admitted on the 5th of February, 1883, as landlords, to defend the suit. The case was by consent of parties submitted to the court for trial, and judgment was rendered for the plaintiffs.

*E. E. Baldwin,* for the appellants.

Upon the facts of the case I insist that judgment should have been for the defendants below, for the following reasons:

1. The liens of the judgments of the creditors, which the decree of the chancery court enforced upon these lands, by the law of the land and the decree of the chancery court, existed and were fastened upon the said lands from the dates of the rendition of the several judgments, and consequently the decree of said chancery court simply enforcing the said liens, which had been in existence for years, the title under which defendants claim, refers back to the date of the earliest one of said judgments, long years prior to the date of the deed of trust, under which the plaintiffs claim.

2. The deed of trust under which plaintiffs claim, while it is dated on the face of it prior to the filing of defendants' bill, could not, by law, have any validity as against creditors and *bona fide* purchasers without notice until it had been filed for record, and could not be filed for record until it had been acknowledged. It was not acknowledged until the 22d of March, and could not have been filed before that time, and was not actually filed until the 26th of July.

3. That by § 1213 Revised Code, a deed of trust only takes effect, "as to all creditors," from the time when delivered to the clerk to be recorded.

*S. M. Shelton,* for the appellees.

The appellees insist upon a verdict for these reasons :

1. That the law making unrecorded deeds of trust void as to creditors and purchasers referred only to the creditors of and purchasers from the grantor in the deed.   Code 1880, § 1209 ; Code 1871, §§ 2302, 2304 ; Code 1857, p. 309, arts. 19, 21; *Saughbridge & Bogan* v. *Boland,* 52 Miss. 558 ; *Dixon* v. *Cook,* 47 Miss. 226 ; *Sessions* v. *Reynolds,* 7 S. & M. 153; *Carlisle* v. *Fendall,* 49 Miss. 229 ; 54 Miss. 346 ; Geo. Dig. 654, art. 14.

2. That the certificate of acknowledgment having said that Mrs. H. acknowledged that she *signed, sealed,* and *delivered* the deed on the day of its date, that fact must be accepted as true until overthrown by evidence ; and the burden is on those who dispute it to

controvert it, which has not been done in this case. *Hill* v. *Samuel et al.*, 31 Miss. 313; *Lockhart* v. *Camfield*, 48 Miss. 489.

3. That the statute gives a lien by the filing of the bill against all parties *except bona fide purchasers*, before the service of process under the bill, and that as the deed of trust was made on a present, contemporaneous consideration, they are *bona fide* purchasers. Code 1880, § 1845; *Perkins* v. *Swaub*, 43 Miss. 360; Geo. Dig. pp. 733–4; *Hinds* v. *Pugh*, 48 Miss. 278; 54 Miss. 346; *Harper* v. *Bibb*, 34 Miss. 472.

4. There was no judgment lien on this land. That is clearly decided in the case of *Fendall* v. *Carlisle, supra*, and in 54 Miss. 346.

CAMPBELL C. J., delivered the opinion of the court.

The creditors and purchasers, to whom an unrecorded instrument of which they have no notice, is void, are creditors of and purchasers from the grantor in the instrument. As to all others, recording is unnecessary, and the instrument is valid without it. The appellants were not creditors of or purchasers from Mrs. Harrison, who owned the land, apparently, and mortgaged it to the appellees. They were creditors of Mr. Harrison, and by exhibiting their bill on the 9th March, and procuring service of process under it on the 11th March, they acquired a lien on the land as against all but *bona fide* purchasers before that date. The appellees claim under a deed of trust, bearing date the 2d March, and purporting to be for a present consideration of two thousand five hundred dollars. The deed was not acknowledged until the 22d of March, and was recorded 26th July afterward, but it was good between the parties and all except creditors of and purchasers from its grantor, Mrs. Harrison, from its date, in the absence of evidence that its delivery occurred afterward. Delivery is presumed to be contemporaneous with the date of a deed in the absence of any evidence when delivery was actually made.

The appellees holding a deed importing a valuable consideration, and bearing date anterior to the acquisition of a lien by the appellants on the land, in the absence of any evidence affecting the

presumptions arising from the face of the papers, had precedence as to the land.

The strongest view in favor of the appellants is, that Chaffe, by his purchase of the land at the sale under the decree, became a purchaser from Mrs. Harrison, defendant in the suit; but this view is not maintainable, it being settled that such purchasers are not entitled to protection as *bona fide* purchasers, but are mere volunteers.

*Judgment affirmed.*