SARAH BARKSDALE ET AL. *v.* WEET BARKSDALE.

[45 South., 615.]

1. DEEDS. *Construction. Property conveyed. Particular description. Limitations on general descriptions.*

Where a person, having under his uncle's will an interest in a tract of land known as the "Minter Place," and a remainder interest in another tract, conveyed premises described as all the lands devised to the grantor by his uncle, the deed invested the grantee with title to both tracts, although the general description used was followed by the words "known as the Minter Place."

2. SAME. *Redescription.*

A mere redescription in a deed of the property conveyed is not such a particular one as will control a general description preceding it.

3. SAME. *General grant. Intention to limit.*

A good general grant will not be limited by a subsequent particular description unless the terms of the particular description show an intention to limit the general grant.

FROM the chancery court of Grenada county.
HON. JULIAN C. WILSON, Chancellor.

Mrs. Sarah Barksdale and others, appellants, were complainants in the court below, and Mrs. Weet Barksdale, appellee, executrix and sole devisee under the will of her deceased husband, John H. Barksdale, was defendant there. From a decree in defendant's favor dismissing the bill, complainants appealed to the supreme court.

In 1903, Hickerson H. Barksdale dying testate, devised to his wife, appellant Sarah Barksdale, a life estate in designated lands, with remainder in fee, after her death, to his nephew John H. Barksdale and five other persons. He also devised jointly to said John H. Barksdale and another nephew a separate tract of land specifically referred to in the will as "my Minter Place, described in deed from W. H. Aldridge and wife to me, on February 23, 1878, recorded in Book G., pages 242 and 243, of the land records of Grenada county." Subsequently, in April, 1904, John H. Barksdale executed to his wife, the appellee, Mrs. Weet Barksdale, a deed of conveyance of realty and personalty described as "all the lands bequeathed to me by the will of my uncle, Hickerson H. Barksdale. All of said lands are lying, and being situated, in Grenada county, known as the Minter Place, in the state of Mississippi," and all the personalty which he owned or had an interest in, being then on the Minter place. Shortly afterward, in May, 1904, John H. Barksdale, died testate, and his widow, the appellee, his sole devisee and legatee, qualified as executrix under his will. His estate proved to be and was adjudged insolvent. Thereafter, in 1906, the appellants, Mrs. Sarah Barksdale and others, creditors, owning probated and unpaid claims against the estate of John H. Barksdale, deceased, instituted a suit in chancery against Mrs. Weet Barksdale, appellee, as executrix and sole devisee under the will of her deceased husband, praying that the remainder interest in lands other than the Minter Place devised to John H. Barksdale under the will of Hickerson H. Barksdale should be subjected to the payment of their debts. The claim of appellants, as set forth in the bill, was that the deed from John H. Barksdale, deceased, to Mrs. Weet Barksdale only conveyed to her the Minter Place and personalty thereon. The appellee's answer, both as executrix and in her individual capacity, denied that John H. Barksdale at his death was the owner of the remainder interest. The court below held that not alone the Minter Place, but all of the lands devised by Hickerson H. Barks-

dale to John H. Barksdale, were conveyed by the deed to Mrs. Weet Barksdale, appellee and dismissed the bill.

*Wm. C. McLean,* for appellants.

The following are the cardinal principles applicable in the construction of deeds: (1) The deed should be so construed that, if possible, all parts of it may stand together. (2) In construing a deed containing conflicting clauses, all of its parts must be consulted in arriving at the intentions of the parties, so as to ascertain what land is actually conveyed. (3) A deed should be construed as a whole and all of its parts, if possible, be made to harmonize. (4) Where two parts of a deed may well stand together, consistent with the rules of law, they shall be construed to have that effect rather than be held to be redundant. (5) Different descriptions in a deed will be reconciled, if possible. (6) A construction which requires that an entire clause of a deed should be rejected will be adopted only from unavoidable necessity. (7) Where a general description is followed by a particular description, the particular description controls and the other will be rejected. 16 Am. Dig. (Cent. ed.), § 267a, et seq.; 4 Am. & Eng. Encyc. Law, 799; Devlin on Deeds, § 1039; 1 Greenleaf on Ev., § 301.

Applying the above principles in the construction of the deed here in question, it becomes apparent that the purpose and intent of the grantor, John H. Barksdale, was to convey only the "Minter Place."

Paraphrasing the deed, without in any way altering its meaning or destroying its sense, it should read as follows (omitting the formal parts) : "I do hereby grant, bargain, sell, convey and warrant to her all the lands bequeathed to me by the will of my uncle, Hickerson H. Barksdale, known as the Minter Place, all lying and being situated in said Grenada county, Mississippi." If it were the intent to convey all of the lands of every description bequeathed (devised) to the grantor, why insert in the deed the expression, "known as the Minter Place ?"

By construing the deed so as to limit the lands conveyed to

those comprising the Minter Place we preserve every part and parcel of the conveyance, rejecting nothing and making all parts to harmonize. If, on the other hand, the conveyance is to be con-strued so as to embrace all of the lands devised to the grantor by the will of his uncle, we must of necessity strike out entirely the expression, "known as the Minter Place," as surplusage. Yet if we strike out such expression as surplusage, we strike out that portion of the deed which can be perfectly consistent with the other portions of it, and thereby we will make a new conveyance; for by no sort of construction can the deed be held to convey other lands than in Grenada county.

The court below held that all of the conveyance after the words, "Hickerson H. Barksdale," was surplusage. If this were true, then the conveyance would read practically as follows: "I do hereby grant, bargain, sell, convey and warrant to her all the lands bequeathed to me by the will of my uncle, Hickerson H. Barksdale." This was, for the reasons above shown, error. The draftsman of the deed evidently understood and intended to describe more fully the land conveyed by adding the clause "all of said lands are lying and being situated in said Grenada county, State of Mississippi, known as the Minter Place." There is nothing in this clause which will not harmonize with the preceding parts of the conveyance.

When we look to the will of Hickerson H. Barksdale, it is manifest that the intention of the grantor, John H. Barksdale, was to convey, by his deed, only his interest in the Minter Place. His uncle, Hickerson H. Barksdale, did not devise to him all of the Minter Place, but instead only an interest in it. When the grantor, John H. Barksdale, undertook to convey by describing the lands as he did, his object in making use of the expression, "all the lands bequeathed to me by the will of my uncle, Hicker-son H. Barksdale," and joining to it the language in the deed following thereafter, was to refer to the will for a description of all the lands known as the Minter Place, and not to convey all of the lands which were devised to him by his uncle.

The conclusion of the deed also shows that the grantor's pur-

pose was to convey only the Minter Place, because he sells and conveys the personalty on the Minter Place. It is certainly admissible to look to the part of the conveyance conveying the personalty in order to determine what lands were intended to be conveyed.

*W. M. Mitchell* and *J. J. Slack,* on the same side.

The first rule for the construction of deeds is that every portion of the deed must be retained, if possible, and the description so construed that no part of the deed will be rejected or rendered inoperative. *Salisbury* v. *Andrews,* 19 Pick. (Mass.), 250.

The clause, "all the lands bequeathed to me by the will of my uncle, Hickerson H. Barksdale," was by the grantor intended solely to describe and express what interest the grantor had in the Minter Place. Instead of stating that he conveyed an undivided half interest in the Minter Place (the extent of his ownership therein), he simply wrote that he conveyed all the lands bequeathed to him by the will of his deceased uncle, and known as the Minter Place.

If we admit that the two descriptive clauses of the deed are so inconsistent and repugnant as to make it impossible to harmonize them, still our contention that the deed must be so construed as to pass only the Minter Place, is the only tenable one under the law. A particular description controls a general description unless the particular description is so uncertain and obscure as to render it necessary to resort to the general description to render it certain. *Vallandingham* v. *Taylor,* 64 S. W., 725; *Plummer* v. *Gould,* 92 Mich., 1; *Smith* v. *Sweet,* 90 Me., 528; *Beardsley* v. *Nashville,* 64 Ark., 240.

To give the deed the construction put upon it by the court below requires that an entire clause which of itself is definite and certain, describing land by its well known name, shall be entirely eliminated from the deed and rendered absolutely of no effect. While, on the other hand, to give effect to the clause, "known as the Minter Place" makes the whole deed effective,

makes the description certain and definite, and conforms to all of the rules of construction.

*S. A. Morrison,* for appellee.

The phrase "known as the Minter Place," does not of itself show the slightest intent in the grantor to limit or curtail the prior grant in the deed in any way whatever; its purport being merely to reiterate and describe "all the lands bequeathed to me by the will of my uncle, Hickerson H. Barksdale," and, as such, it cannot be held to limit the prior grant which is a far more correct and plainer description than the so-called limitation.

If the phrase, "known as the Minter Place," is in conflict with the rest of the deed, in so far as description of the lands conveyed is concerned, which part of the deed is to prevail? Certainly the prior and fuller description, which of itself completely shows that the grantor intended to convey all the lands which he had received under the will of his deceased uncle.

A general description of property conveyed by deed will not be limited by a subsequent particular description unless it clearly appears that such particular description was intended as a limitation. And this intention must be more definitely expressed in the terms of the particular description than the contrary is shown in the language of the general grant. A subsequent particular description should never limit a prior general description where it appears as an affirmation or a reiteration. *Piper* v. *True,* 36 Cal., 696; *Dunbar* v. *Aldrich,* 79 Miss., 698, 31 South., 341; *Miller* v. *Tunica Co.,* 67 Miss., 651, 7 South., 429. Where there are conflicting clauses in a deed the first will be accepted and the latter rejected. *Petty* v. *Boothe,* 19 Ala., 633; *Tubbs* v. *Gatewood,* 26 Ark., 128; *Cutler* v. *Tufts,* 20 Mass., 272; *Green Bay Canal Co.* v. *Hewitt,* 55 Wis., 96.

In the case of *Pike* v. *Monroe,* 36 Me., 309, 58 Am. Dec., 751, the clause: "all my right, title and estate in the north half of the one hundred and twenty acre lot on which Bohannon now lives, on the river," was held not to be a limitation to the highwater

mark, by the following: "thence running on the bank of said river at high water mark." We refer the court to the opinion in that case for a full discussion of the material points here in question, the opinion citing *Paramour* v. *Yardley,* Plow., 541; and *Cutler* v. *Tufts,* 3 Pick. (Mass.), 272.

In the well considered case of *Rutherford* v. *Tracy,* 48 Mo., 325, 8 Am. Rep., 105, it was held that where the granting clause described the property, "lot 3 in block 87, beginning at N. E. corner, thence west to alley, thence south 18 ft., thence east the length of the lot, thence north 18 ft. to beginning," which description embraced a less area than the entire lot, the whole lot passed, the court holding that there was nothing in the subsequent particular description showing an intent to convey less than the whole lot, as the subsequent description merely purported to be a redescription of the prior grant. See also *Brown* v. *Huger,* 21 How. (U. S.), 306, 16 L. Ed., 125; *Lodge's Lessee* v. *Lee,* 6 Cranch (U. S.), 237, 3 L. Ed., 210; *Keith* v. *Reynolds,* 3 Greenl. (Me.), 393; *Jackson* v. *Barringer,* 15 Johns. (N. Y.), 471; 13 Cyc., p. 634, par. "h."

The conveyance of the personalty on the Minter Place, in the closing sentence of the deed, does not strengthen appellants' contention in the least. For a reference to the will of Hickerson H. Barksdale shows that John H. Barksdale received a small amount of personalty with his one-half interest in the Minter Place, but did not receive any personalty with the other lands; and hence, to locate and describe the personalty which he was conveying, he describes it as being on the "said Minter Place" and not on "all the lands bequeathed," thus drawing a sharp distinction between the lands conveyed whereon he owned personalty and those lands conveyed whereon he owned no personalty. It must have been clearly in the mind of the grantor that he owned part only of the personalty on the Minter Place, and it is equally certain that he was fully aware of the fact that he owned but a half interest in the Minter Place. If it had been his intention to convey only that interest, then certainly

he would have expressed that intention in apt words, instead of twice calling attention in the same instrument to the fact that he was conveying "all of the lands bequeathed by the will of his uncle."

The phrase, "all said lands" in the second clause of the deed cannot refer solely to the Minter Place, but to all of the lands which had been devised by the will of his uncle, in Grenada county.

Argued orally by *W. C. McLean,* for appellant and by *S. A. Morrison,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

The deed in this case in its granting clause is as follows:

"State of Mississippi, Grenada county,  For and in consideration of the love and affection I have my wife Weet Barksdale, and the further consideration of money spent by me belonging to her, I do hereby grant, bargain, sell, convey and warrant to her all the lands bequeathed to me by the will of my uncle, Hickerson H. Barksdale. All of said lands are lying, and being situated, in the said Grenada county, known as the Minter Place, and state of Mississippi, I also sell and convey to her all personalty which I own or upon which I have an interest on said Minter Place."

The phraseology of the deed is obviously very awkward; but the last clause is, of course, to be read as if written, "All of said lands are lying and being situated in said Grenada county, state of Mississippi, known as the Minter Place." The granting clause here is perfectly clear. What is the thing granted? Why, manifestly, all the lands devised to the grantor by the will of his uncle. He twice states that. "All of the lands bequeathed" to him by his uncle, and again he says, "All said lands;" said lands being all the lands which had been bequeathed to him by his uncle. It is perfectly plain that "all said lands" are in Grenada county, Miss. The general rule that, "where a general description is followed by a particular description, the

particular description controls, and the other will be rejected," is, of course, thoroughly sound; but in every such case the particular description must be not a redescription merely, but a second limiting description, a second granting clause. Where the alleged second description in no way limits or cuts down the area of the general granting clause, perfect in itself, then such alleged second description is nothing more nor less than a redescription, a mere reiteration, an effort to give to the land embraced in the general grant some other name by which it may be known in a community, without any purpose in mind to cut down from the extent and area of the perfectly correct general grant. What have we here that is relied on to cut down this good, this perfect, description in the general grant? Nothing save the mere participial phrase, carelessly thrown in, "known as the Minter Place." It would be sacrificing substance to form, it would be an utter disregard of the plain intent of the grantor, to say that after he had plainly declared his purpose to convey all the lands in Grenada county, state of Mississippi, devised to him by his uncle, he had cut down a perfect grant by the careless use of the mere participial phrase, "known as the Minter Place." The general principle to which we have above referred has no application to the language of this deed. This is a mere reiteration or attempted redescription of what had already been perfectly conveyed. It does not carve out of the original grant, or except from the original grant, by a particular description of any kind, any part or parcel of that original grant.

We do not think the clause granting the personalty at all interferes with this construction. It appears from the will of Hickerson H. Barksdale that John H. Barksdale, the grantor in this deed, received from his uncle's will a small amount of personalty and a one-half interest in the Minter Place, but that he did not receive any personalty with the other land devised to him by his uncle. He therefore, properly enough, describes the personalty which he was conveying as being on said Minter Place, and not as being located on the other lands devised; mak-

ing himself a sharp distinction between the lands conveyed on which personalty was located, and lands conveyed on which he owned no personalty. The grantor knew he owned part only of the personalty on the Minter place, and he certainly also knew that he owned but a one-half interest in the Minter place itself. If it had been his purpose to convey only the one-half interest which he really had, would he not have expressed that intention aptly, instead of twice calling attention to the fact that he was conveying all of the lands devised to him by the will of his uncle? The phrase "all said lands," in the second clause of the deed, does not refer to the Minter Place, but manifestly to all the lands which had been devised by his uncle, which said lands lay in Grenada county, state of Mississippi. The true principle here is this: That a good general grant will never be limited by a subsequent particular description unless it is manifest that this particular description was meant to operate as a limitation; and this intention, that it shall so operate as a limitation, must be definitely expressed in the terms used in the particular description.

We refer to the authorities cited in the brief of the learned counsel of the appellee. They have been very carefully collated, and we need not repeat them in the opinion; but we will refer to a few only, especially applicable. First, in the case of *Pike v. Monroe,* 36 Me., 309, 58 Am. Dec., 751, the court very correctly expressed the true doctrine thus: "The first deed and the last will shall operate, is the ancient maxim. *Paramour v. Yardley,* Plow., 541; Shep. Touch., 88. Subsequent words shall not defeat precedent ones, if by construction they may stand together. But where there are two clauses in a deed, of which the latter is contradictory to the former, then the former shall stand. Cru. Dig. tit. 'Deed,' c. 20, § 8. These, however, are technical rules of construction, which were adopted, as declared by Lord Mansfield, 'for want of a better reason,' and are not entitled to much consideration, and should never be resorted to for purposes of construction, unless difficulties are presented

which cannot be resolved by more satisfactory rules. In modern times they have given way to the more sensible rule of construction, which is in all cases to give effect to the intention of the parties, if practicable, when no principle of law is thereby violated. This intention is to be ascertained by taking into consideration all the provisions of the deed, as well as the situation of the parties to it. [Exactly the doctrine of *Hart* v. *Gardner,* 74 Miss., 153, 20 South., 877.] Whatever is expressly granted, or covenanted, or promised, cannot be restricted or diminished by subsequent provisions or restrictions; but general or doubtful clauses precedent may be explained by subsequent words and clauses not repugnant or contradictory to the express grant, covenant, or promise. *Cutler* v. *Tufts,* 3 Pick. (Mass.), 272; *Willard* v. *Moulton,* 4 Me., 14. If a deed may operate in two ways, the one of which is consistent with the intent of the parties, and the other repugnant thereto, it will be so construed as to give effect to the intention indicated by the whole instrument. *Solly* v. *Forbes,* 4 Moore, 448. Thus if I have in D. black acre, white acre, and green acre, and I grant you all my lands in D., that is to say, black acre and white acre, yet green acre shall pass. *Stukeley* v. *Butler,* Hob. 172. When one, being the owner of three parcels of land described in a certain deed conveying them to him, made a deed of conveyance of 'three parcels or lots situated in P. and bounded as follows, to wit: The first beginning at, etc., [setting forth the boundaries of this lot only], being the same which was conveyed to me by deed,' etc., referring to the deed describing the three lots, it was held that the deed conveyed all these parcels, and that to restrict it to one would be giving it an effect far short of what the words required. *Child* v. *Ficket,* 4 Me. 471. That all doubtful words and provisions are to be construed most strongly against the grantor is an ancient principle of the common law, which is recognized as a sound rule of construction by modern jurists."

The next, and a very striking case in support of our view, is *Rutherford* v. *Tracy,* 48 Mo., 325, 8 Am. Rep. 105, where the

court said: "The language conveying the premises is as follows: 'Lot No. 3, in block 87, in the old town of Hudson, now Macon, beginning at the northeast corner; thence west to the alley; thence south 18 feet, thence east the length of the lot; thence north 18 feet to the beginning.' (Note this description actually embraced a less area than lot 3.) The defendants now contend, and the court so instructed, that this description passed the fee to the whole lot. The old books contain a great deal of refined and technical learning on this subject. They say that, if there be two clauses or parts of a deed, repugnant the one to the other, the first part shall be received and the latter rejected, unless there be some special reason to the contrary; but, in the case of a will containing two repugnant clauses or parts, the first shall be rejected and the last received. That the first deed and the last will shall operate is an ancient maxim; Plowd. 541; Co. Lit., 112; Shep. Touch., 88. Upon the rules as laid down in the old authorities, Judge Metcalf, in 23 American Jurist, makes some very sensible remarks. 'In modern times,' he says, 'this maxim has very limited operation. A reason to the contrary is almost always found. The rules of construction, now applied in cases of repugnancy, give effect to the whole and every part of a will, deed, or other contract, when that is consistent with the rules of law and the intention of the party; and, when this is impossible, the part which is repugnant to the general intention, or to an obvious particular intention, is wholly rejected. Parts which were once regarded as repugnant are now deemed consistent.' Greenleaf, in his edition of Cruise on Real Property, lays down the doctrine that the modern rule is to give effect to the whole and every part of the instrument, whether it be a will or deed, or other contract; to ascertain the general intention, and permit it, if agreeable to law, whether expressed first or last, to overrule the particular; and to transpose the words, whenever it is necessary, in order to carry the general intention plainly manifested into effect. 2 Greenleaf Cr. tit. 'Deed,' c. 12, § 26, note 1, and cases cited. Mr. Wash-

burn declares that, when the parts of a deed are found inconsistent with each other, the courts will always give effect to every part of the deed, if it is possible, consistently with the rules of law. 3 Washb. Real Prop. 343. To the same purpose is the recent decision in this court in the case of *Campbell et al.* v. *Johnson,* 44 Mo., 247. If there is an explicit and unambiguous grant of a thing, any exception or reservation which is manifestly contradictory will be rejected; but the intention must be sought after and carried out, if consistent with the rules of law. It is, however, well settled that a deed must be construed *ex visceribus.* The nature and quantity of the interest granted are always to be ascertained from the instrument itself, and fixed monuments always control courses and distances. The Supreme Court of the United States says that it is a universal rule that, whenever natural or permanent objects are embraced in the calls of a patent or survey, these have absolute control, and both course and distance must yield to their influence. *Brown et al.* v. *Huger,* 21 How. (U. S.), 306, 16 L. Ed., 125. In *Lodge's Lessee* v. *Lee,* 6 Cranch (U. S.), 237, 3 L. Ed., 210, the description was, 'All that tract or upper island of land called "Eden," ' and then to it was added, 'beginning at a maple tree,' and describing the land conveyed by bounds, courses, and distances, but so as not to include all the island. The court held that the whole island passed. In *Keith* v. *Reynolds,* 3 Greenl. (Me.), 393, the description was, 'A certain tract of land or farm in Winslow, included in the tract which was granted to Esq. Pattee,' and afterward there was added a particular description of courses and distances, which did not include the whole farm. It was contended that the particular description should prevail, in preference to the other, which was more general and uncertain; but it was decided that the first description was certain enough, and that it was to be adopted, rather than the description by courses and distances, which was more liable to errors and mistakes. In *Jackson* v. *Barringer,* 15 Johns. (N. Y.), 471, the grant was, 'The farm on which J. J. D. now

lives,' which was bounded on three sides, and 'to contain 80 acres in one piece.' The farm contained 149 acres, and the decision was that the whole farm passed. If a farm or tract of land is conveyed by general terms, an exception of any number of acres or any particular lot is not repugnant, but will be valid. A particular restriction may well consist with a general grant, and create no repugnancy. Did any facts exist in this case to show that the description of the lot by courses and distances was intended at the time to restrict or limit the quantity conveyed to a less area than the whole lot, we should unhesitatingly, in accordance with the liberal rules that have prevailed in modern times, give full force and effect to that intention. But there is nothing to manifest such intent. The granting clause in the deed is: 'Lot 3, in block 87, beginning at the northeast corner; thence west to the alley; thence south 18 feet; thence east the length of the lot; thence north 18 feet to the beginning.' The legal inference or presumption is that the grantor conveyed the whole lot, and attempted to give it a more particular description by bounding it with courses and distances. The designation of the lot by its number must be regarded as the prominent object or monument; and, where there is uncertainty, the monument must prevail over the description by courses and distances. There is nothing to show any reservation whatever, or that it was intended in the conveyance to carve out any piece or parcel of the lot. If A. sells to B. the farm on which he resides, and then goes on to describe the farm by courses and distances, and there is a mistake or erroneous description, the whole farm will nevertheless pass; because, in the case supposed, it was the manifest intention, gathered from the deed itself, to convey the whole farm. Had the grantor (the plaintiff in this case) in his deed used any apt or appropriate words showing that it was his intention to convey the whole lot, we should give them effect, without regard to any mere verbal arrangement or position they might occupy in the deed. But, as it is, without overthrowing well-established principles of law,

we are not at liberty to construe the deed otherwise than as passing title to the whole lot." All this fits in perfectly in this case at bar.

The last authority which we shall cite is the 13 Cyc., page 634, par. "h," which is as follows: "A general description will not be limited by a particular one, where the latter follows in the sense of reiteration or affirmation. And, where by the granting clause in a deed a certain lot and block in a town is designated as the property intended to be conveyed, an intent to convey the whole lot will be presumed, although the description is followed by metes and bounds embracing an area less than the lot. Such a rule has also been affirmed where a deed grants an entire share under a decree of partition, all of certain property, a whole farm, or land by name or by the number of a lot. So, where a description in a deed is a clear and complete one, a reference to other deeds will not operate to restrict the same."

We think it is clear that the decree of the court below was correct, and it is *affirmed.*

MAYES, J., dissented.