CARRERE et al. v. JOHNSON et al.*

(Division B.    Jan. 9, 1928.)

[115 So. 196.    No. 26801.]

1. TRIAL.    *Directed verdict was proper, where controlling facts were undisputed.*

   Where controlling facts were undisputed, directed verdict was proper.

2. BOUNDARIES.    *Where particular description pointing out exact metes and bounds of land, pointed out to purchasers, followed general description, giving acreage, lot, section, township and range, particular description controlled, though acreage was much less.*

   Where first clause in deed described land "thirty-one acres in east side of lot 7, in section 14, township 7 south, range 9 west, together with all improvements thereon," and second clause described land, "Land hereby conveyed being bounded on south by Bay of Biloxi, on east by Scale property, on west by lands of Martin, and on north by north line of lot No. 7," particular description in second clause explained first description, and was controlling, where exact metes and bounds were pointed out to purchasers, even though lot contained only seventeen and three tenth acres.

*Corpus Juris-Cyc. References: Boundaries, 9CJ, p. 224, n. 40; Deeds, 18CJ, p. 284, n. 86; Trial, 38Cyc, p. 1567, n. 88. On the question as to when particular description is preferred to general, see 4 R. C. L. 106; 1 R. C. L. Supp. 1062.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Action by Ernest E. Carrere and another against C. W. Johnson and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

*Gardner, Brown & Stingily* and *Foster & Nailing,* for appellants.

The court erred in directing the jury to find for the defendants. *Rich* v. *Elliot,* 10 Vt. 211, 213; 5 Words & Phrases, p. 4499; 4 Thompson on Real Property, p. 249, sec. 3150, and cases therein cited; *McCready* v. *Langsdale,* 58 Miss. 879; *Enochs* v. *Miller,* 60 Miss. 21.; *Phipps* v. *Tarpley,* 24 Miss. 597; *Barksdale* v. *Barksdale,* 98 Miss. 173; *Carleton* v. *Lombardi,* 81 Tex. 355, 16 S. W. 1081; Hemingway's Code 1927, sec. 2473; 8 Am. & Eng. Ency. Law (2 Ed.), pp. 100-101; *Allen* v. *Caffee,* 85 Miss. 770; *Sutton et al.* v. *Cannon,* 100 So. 24.

The cases herein submitted fully sustain the appellants' contention that they were entitled to thirty-one (31) acres under the description in their deed. It is not denied that the tract of land conveyed to them contained only seventeen and three-tenths (17.3) acres of land. When the appellants alleged that the appellees were not seized of the deficiency of thirteen and seven-tenths (13.7) acres which they attempted to convey by their deed, the burden was upon the appellees to show their seizen and not on the appellants to show that they were not seized. Thompson on Real Property, sec. 3479. They have totally failed to meet this burden.

*J. L. Taylor,* for appellees.

Appellees cite 8 R. C. L., pp. 1036-1085; 4 R. C. L., p. 109; 9 C. J. 224. There could be cited numerous other authorities, but the above law seems to so well settle this case, that we deem it not necessary to be prolix.

ANDERSON, J., delivered the opinion of the court.

Appellants brought this action in the circuit court of Harrison county against appellees to recover one thousand three hundred and seventy dollars damages alleged to have been suffered by appellants on account of appellees' breach of warranty in their conveyance to appellants of a certain parcel of land situated in Harrison county in this state. The court directed a verdict and judgment for appellees, from which judgment appellants prosecute this appeal. The controlling facts are undisputed; therefore a directed verdict was proper. The only question is whether appellants or appellees were entitled to it. The conveyance involved is in the following language, leaving off the formal parts and the acknowledgment thereto:

"For the consideration of thirty-one hundred ($3100) dollars cash in hand paid, the receipt which is hereby acknowledged, we, C. W. Johnson and J. W. Wentzell, hereby sell, convey, and warrant unto Ernest A. Carrere and Andrew T. Stafford the following described land situated in Jackson county, Mississippi, to-wit:

"Thirty-one (31) acres in the east side of lot seven (7) in section fourteen (14), township seven (7) south, range nine (9) west, together with all improvements thereon. The land hereby conveyed being bounded on the south by the Bay of Biloxi, on the east by the Scale property, on the west by the lands of Martin, and on the north by the north line of said lot No. seven (7).

"Witness our signatures, this the 9th day of May, 1925.

"[Three dollars and fifty cents canceled internal revenue stamps.]

It will be noted that the deed recites that thirty-one acres were conveyed. Appellees delivered possession of the land to appellants, who had it surveyed, which survey showed that, instead of being thirty-one acres in the lot, there were only seventeen and three-tenths acres, or thirteen and three-tenths acres short. Appellants there-

upon brought this action for that proportion of the purchase price which thirteen and seven-tenths acres bears to thirty-one acres, the quantity of land recited in the deed. In the negotiations between the appellants and appellees for the sale and purchase of the land, the metes and bounds of the property were pointed out to appellants.

It will be noted that the first clause of the paragraph in the deed in which the land is described is in this language:

"Thirty-one acres in the east side of lot seven (7) in section fourteen (14), township seven (7) south, range nine (9) west, together with all improvements thereon,"
—and that the second clause in the paragraph describes the land as follows:

"The land hereby conveyed being bounded on the south by the Bay of Biloxi; on the east by the Scale property; on the west by the lands of Martin, and on the north by the north line of lot No. seven (7)."

Appellants' position is that the deed contains two perfect descriptions of the property; that the description set out in the first clause is a perfect description, as is also that set out in the second clause; and that therefore the rule that, where property is described in a conveyance in general terms, followed by a specific description by metes and bounds, the latter description will control instead of the former, has no application to this conveyance. Putting it differently, appellants contend that the first description was sufficient without the additional description by metes and bounds, and that therefore the boundary description was merely surplusage. To sustain their position, appellants rely principally on the case of *Barksdale* v. *Barksdale,* 92 Miss. 166, 45 So. 615. The conveyance in that case described the property as follows:

"State of Mississippi, Grenada County. For and in consideration of the love and affection I have my wife Weet Barksdale, and the further consideration of money

spent by me belonging to her, I do hereby grant, bargain, sell, convey and warrant to her all the lands bequeathed to me by the will of my uncle, Hickerson H. Barksdale. All of said lands are lying, and being situated, in the said Grenada county, known as the Minter Place, and state of Mississippi, I also sell and convey to her all personalty which I own or upon which I have an interest on said Minter Place."

The court held that the first description of the land in the deed, and not the second, controlled, upon the ground that the second description in no way limited or cut down the area as set out in the first description; that the first description was perfect in itself, and the second description was nothing more or less than a redescription, or a mere reiteration. The court cited, with approval, the language in 13 Cyc. 634, par. 8, as follows:

"The last authority which we shall cite is the 13 Cyc. p. 634, par. (h), which is as follows: 'A general description will not be limited by a particular one, where the latter follows in the sense of reiteration or affirmation. And, where by the granting clause in a deed a certain lot and block in a town is designated as the property intended to be conveyed, an intent to convey the whole lot will be presumed, although the description is followed by metes and bounds embracing an area less than the lot. Such a rule has also been affirmed where a deed grants an entire share under a decree of partition, all of certain property, a whole farm, or land by name or by the number of a lot. So, where a description in a deed is a clear and complete one, a reference to other deeds will not operate to restrict the same."

In discussing the question, the court said further in that case, that in modern times the courts have given way to a more sensible rule than the ancient rule; that the more sensible rule is to give effect to the intention of the parties, if practicable, when no principle of law is thereby violated; and that the intention of the parties is to be ascertained by taking into consideration all of the

provisions of the deed, as well as the situation of the parties to it.

We do not think the Barksdale case is decisive in favor of the appellants here. The second description of the land conveyed in the Barksdale case was not a specific description by metes and bounds. As the court said, it was a mere reiteration of the first description, and that reiteration was in general language. It did not undertake to point out by metes and bounds or by other specific description the land intended to be conveyed. That is not true of the conveyance in this case. The second description in specific and unmistakable terms pointed out the exact metes and bounds of the land intended to be conveyed. Instead of being a reiteration of the first description, it was an explanation of that description. It undertook to show exactly what was meant by the first description. It is true that the purchase price set out in the deed was three thousand one hundred dollars, which would have been one hundred dollars per acre, if there had been thirty-one acres of the land. Doubtless both parties to the deed thought there were thirty-one acres of the land, and probably the purchase price was fixed on that basis; but, as stated above, when the conveyance was executed, the exact metes and bounds of the land as set out in the second description in the deed were pointed out to appellants. The appellants, therefore, actually visualized the quantity of the land they were purchasing. If they did not get as much as thirty-one acres by the conveyance, they were as much at fault as were appellees.

We think the well-established rule that, where a general description is followed by a particular description, the particular description controls, and the general description will be rejected, applies. In the Barksdale case that was recognized as the general rule. But the court held in that case that its facts did not bring it within the operation of the general rule.

*Affirmed.*