SOUTHERN RY. CO. *v.* ANDERSON & FULLER.

(Division B. Nov. 17, 1930.)

[130 So. 743. No. 28975.]

Bozeman & Cameron, of Meridian, for appellant.

**J. A. Covington, Jr.**, and **J. V. Gipson**, both of Meridian, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action against appellees in the county court of Lauderdale county, to recover one hundred thirty-eight dollars and sixty-two cents, as damages suffered by appellants because of an alleged breach by appellees of certain lease contracts theretofore entered into by the parties. There was a trial on the pleadings alone, resulting in a judgment for appellees; from that judgment appellant appealed to the circuit court of

Lauderdale county, where the judgment of the county court was affirmed; from that judgment of the circuit court appellant prosecutes this appeal.

On June 10, 1925, appellant and appellees entered into a lease contract, evidenced by writing signed by the parties. The provisions of the contract pertinent to the questions involved in this case are as follows: Appellant leased to appellees, for a term of three years, four hundred sixty tons of railroad steel rails and angle bars, to be used by the appellees in the construction of a short-line railroad in Sunter county, Alabama, for which appellees agreed to pay for each ton or fractional part of a ton of the rails and fastenings, three dollars per annum, in equal monthly installments, and to pay all taxes which might be assessed against the line of railroad to be constructed by appellees, or against appellant by reason of its ownership of the rails and fastenings.

On the 27th day of July, 1925, appellant and appellees entered into another lease contract, evidenced by writing, containing the same provisions as the first one, except that only ninety-three tons of steel rails and angle bars were leased by appellant to appellees, for the purpose of laying the short-line railroad. The latter contract referred to the former, and provided that the lease should be for three years, beginning on the date of the former contract, June 10, 1925.

This action arose out of an alleged breach by appellees of the stipulation in these contracts for the payment of taxes by appellees on the property leased. That stipulation is in this language: "That they will pay all taxes which may be assessed upon the said tracks of the lessees, or against the railway company by reason of its ownership of said rails and fastenings." The declaration alleged that appellees had breached the contract, in that they failed to pay the taxes assessed against the property under the laws of Alabama, where it was situated, for the year beginning October 1, 1925; that the taxes so as-

sessed became a lien on the property, and a personal debt against appellees; that the tax officials of Sunter county, Alabama, in order to collect the taxes due on the rails and fastenings, had levied thereon, and were takings steps to sell the same, when appellant paid the amount of taxes, with interest and damages, amounting to one hundred thirty-eight dollars and sixty-two cents, the sum sued for.

To appellant's declaration appellees filed a special plea, setting up that on December 21, 1926, appellant and appellees, by a contract in writing, had canceled and terminated both lease contracts, which cancellation had the effect to extinguish all the rights and obligations of the parties under those contracts. Appellant demurred to the special plea, on the ground that it failed to state any defense to the action. The county court overruled the demurrer, holding that the cancellation of the contract put an end to all the rights and obligations of the parties arising thereunder. Appellant declining to plead further, the suit was dismissed. On appellant's appeal to the circuit court the judgment of the county court was affirmed.

Leaving off its formal parts, the cancellation agreement is in this language:

"That the parties hereto, each in consideration of the sum of one dollar to it in hand paid by the other, the receipt whereof is hereby acknowledged, do hereby mutually covenant and agree that these two (2) certain agreements, in writing, heretofore made and entered into by and between the parties hereto, bearing dates of the 10th day of June, 1925, and the 27th day of July, 1925, respectively, covering lease by Southern Railway Company to said Anderson-Fuller Lumber Company of certain relay rails and fastenings for use in the construction by Anderson-Fuller Lumber Company of a line of railroad and subsidiary spur tracks connecting therewith, at or near Woodford, in the state of Alabama, as described in said agreements, shall be, and the same here-

by are, terminated and cancelled to take effect as of the 31st day of July, 1926.''

It will be noted that the cancellation agreement provided that it should take effect as of the 1st day of July, 1926; and that the cancellation agreement itself was dated the 21st day of December, 1926.

The question for determination is this: Where the parties to a written contract subsequently agree that the contract be canceled and terminated, to take effect on a past date, does such agreement have the effect of extinguishing the rights and obligations arising under the canceled contract prior to the effective date of the cancellation?

Appellees, to sustain their contention, rely on numerous decisions of the courts of this country, referred to in their brief, holding in effect that a written agreement rescinding a contract, without specially reserving existing rights and obligations, prevents a recovery for damages resulting from a failure to comply with the terms of the original contract. In 13 C. J., pp. 602, 603, par. 627, the subject of the effect of a cancellation of a former contract is treated thus:

''Operation and effect. Where a contract has been rescinded by mutual consent, the parties are as a general rule restored to their original rights with relation to the subject-matter, and no action for breach can be maintained thereafter, nor are the parties bound by the contract with reference to their subsequent actions.

''Rescission in course of performance. Ordinarily any claim in respect of performance and of what has been paid or received on the contract will be referred to the agreement of rescission, where the contract is rescinded while in the course of performance, and as a general rule no such claim may be made unless it has been expressly or impliedly reserved; but there are cases which hold that the fact that the parties agree to terminate the contract does not in itself show that they agree to release

all rights of action for breach which may have arisen up to that time, it being held that the mere fact that parties make use of the terms 'rescind' or 'cancel' does not show that they intend their acts to have such legal effect."

It will be noted from the above quotation from Corpus Juris that the general rule is, as contended by appellees, that where a contract has been rescinded by mutual consent, the parties are restored to their original rights with reference to the subject-matter of the contract, and no action for a breach of the contract can be maintained thereafter. But that principle has no application where the canceling contract expressly, or by necessary implication, preserves the rights and obligations under the original contract. Appellant contends that that is what was done in this case, by the concluding clause of the canceling contract, which is in this laguage: "And the same are hereby terminated and cancelled, to take effect as of the 31st day of July, 1926." In considering this question, it must be borne in mind that the canceling contract was made on the 21st day of December, 1926, and therefore the effective date of the canceling contract (July 31, 1926) was a past date. All the provisions of the canceling contract must be given effect. What did the parties mean by making the effective date of the canceling contract July 31, 1926? It must not be treated as meaningless—mere idle, futile language. It would have been easy for the parties merely to have canceled the lease contracts, leaving the effective date as of the date of the canceling contract. If the word "canceled" had been used, and no more, that would have been the effect. But they did not do that; they went further, and used the phrase "to take effect as of the 31st day of July. 1926."

The only decision directly in point cited in the briefs is Roe et al., Adm'r, v. Conway, 74 N. Y. 201. That case involved a lease contract in which the lessees covenanted "to 'pay and discharge all taxes, . . . imposed or

levied upon said premises during said term.' " Later the parties contracted in writing that the lease contract is "canceled and surrendered as of the 1st of April, 1875." It was later found that the taxes for the year the lease had run had not been paid. The lessor paid the taxes, and sued to recover the amount so paid. The New York court, in passing on the question, used this language:

"The terms employed in the instrument referred to, cannot I think be regarded as entirely annulling the lease so as to prevent its taking effect in reference to that which is therein accepted, or as a release of all claims for any cause of action which existed prior to April 1, 1875. It expressly provided that it should take effect as of the first day of April following its date, and hence it indicates clearly that it was intended that all existing rights of the parties up to that period of time should be reserved and should not be affected thereby. The cancellation and surrender was not absolute but qualified and restricted by its terms, and the correct interpretation of the language employed is, that prior to the time named the covenants and conditions of the lease should remain in force. The taxes which remained unpaid as well as other obligations of the lessees were not affected thereby and as to these the liability of the defendants remained the same as if no such instrument had been executed. . . . The agreement that the lease was 'canceled and surrendered as of the 1st of April, 1875,' did not mean that it was annihilated and destroyed absolutely but that it continued in force as to all obligations which existed at the time named. It was a reservation of any liability which had been incurred prior to that time, and not a discharge of the same. . . ."

We think the reasoning of the New York court is the better view. Applying the principles there laid down to this case, we are of the opinion that by the canceling contract of December 21, 1926, the parties intended to pre-

550

serve intact all the rights and obligations arising under the original lease contracts prior to July 31, 1926; and to cancel all rights and obligations accruing thereunder subsequent to that date.

Reversed and remanded to the circuit court of Lauderdale county, under the provisions of section 704 of the Code of 1930.

Reversed and remanded.