FATHERREE *et al. v.* McCORMICK *et al.*

(In Banc. Jan. 28, 1946. Suggestion of Error Overruled Feb. 25, 1946.

[24 So. (2d) 724. No. 35951.]

Howie, Howie & McGowan, of Jackson, for appellants.

Robert L. Genin, of Bay St. Louis, and J. M. Travis, of Meridian, for appellees.

**Alexander, J.,** delivered the opinion of the court.

Appellants filed their bill to remove the cloud upon their title to the following property: "Southwest Quarter; West one-half of Southeast Quarter, less a certain tract of land described as: beginning at the Northeast corner of the Northwest Quarter of the Southeast Quarter thence running South 133 yards, thence West 400 yards, thence North 133 yards, thence East to the point of beginning, all in Section 4, Township 10 North, Range 10 West; Northeast Quarter of Southeast Quarter; Southeast Quarter of Southeast Quarter all in Section 5, Township 10 North, Range 10 West, subject to right-of-way for public road, comprising 409 acres, more or less."

The purported cloud relates to the claim of the appellees to the ownership of an undivided one-eighth mineral interest in said lands. Whether such interest was reserved by the appellants is the question here presented,

which arises from the sustaining of the demurrers of appellees to the bill.

The Federal Land Bank owned the entire tract and conveyed it to Fatherree and Skelton in 1937, reserving one-half of all minerals. Fatheree conveyed to McCormick by the following instrument dated November 2, 1938:

"The State of Mississippi

"County of Jasper

"In consideration of One Hundred ($100.00) Dollars, I convey and warrant to I. M. McCormick, my undivided interest in the land described as:

"SW¼; W½ of SE¼, less a certain tract of land described as beginning at the NE corner of NW¼ of SE¼, thence running South 133 yards, thence West 400 yards, thence North 133 Yds. thence East to point of beginning all in Section 4;

"NE¼ of SE¼; SE¼ of SE¼, Section 5, Township 10 North, Range 10 West, subject to right of way for public road, in the First Judicial District of Jasper County, Mississippi; less and except one half of all mineral rights,

"This deed is subject to deed of trust to the Federal Land Bank."

On May 11, 1940, Skelton and McCormick leased said lands to the Sun Oil Company. On July 10, 1944, Fatherree and wife executed a mineral lease to Gholson covering "our undivided interest in and to the lands herein described." The determining inquiry, therefore, relates to the construction of the deed from Fatherree to McCormick, whereby the former asserts he conveyed only a half interest in the one-fourth mineral estate which he owned rather than his entire mineral interest. Gholson contends likewise that the lease from Fatherree to him conveyed a one-eighth mineral interest allegedly retained in Fatherree's deed to McCormick. Appellees insist that the lease from Skelton and McCormick to Sun Oil Company covered an entire one-half mineral interest comprising an undivided one-fourth interest of each of the lessors.

It is ncessary first to recall that the Federal Land Bank conveyed to Fatherree and Skelton all the lands with a reservation of one-half the minerals. The bill indicates that the description therein was the same as that followed in the deed from the Fatherree to McCormick. The fact that the language "less and except one-half of all mineral rights" is part of the description as borrowed from the Federal Land Bank's deed weighs heavily against appellant. Likewise do the circumstances that the deed from Fatherree is a general warranty and also excepts part of the W½ of SE¼. But for this exception the warranty would be susceptible of an assertion by the grantor that he owned all the W½ of SE¼. It is true that the grantor was conveying "my undivided interest in the lands described" but it was more than merely appropriate that he not undertake to warrant any interest that he did not own.

Likewise, the exception of "one-half of all mineral rights" was required by the reservation by the Federal Land Bank of a one-half mineral interest. The exclusion of the tract in the SE¼ and the outstanding one-half mineral interest were therefore exceptions and not reservations because Fatherree owned neither. In the deed from the Bank the former was an exception and the latter a reservation. Fed. Land Bank v. Cooper, 190 Miss. 490, 200 So. 729; Cook v. Farley, 195 Miss. 638, 15 So. (2d) 352. Appellants' contention can be supported only if the exclusion of "one-half of all mineral rights" was a reservation, which must be of some portion of the granted premises which belonged to the grantor and which without the reservation would be conveyed by the deed. Barataria Canning Co. v. Ott, 84 Miss. 737, 37 So. 121, 123. It has been held that a reservation operates by way of a re-grant by the grantee to the grantor of the estate or interest reserved. See Annotations in 13 L. R. A. 289; 20 L. R. A. (N. S.), 221; 18 Ann. Cas. 799; Ann. Cas. 1918A, 877; Ann. Cas. 1914B, 1290.

By this test the grantor could not be said to have reserved one-half of the minerals for he owned only one-

eighth. If by a reservation the grantee be viewed as reconveying to the grantor, such one-half, the latter would receive back more than he had. We remind ourselves again that the grantor warranted only the undivided interest which he had yet he did not except therefrom one-half of such interest but one-half of "all mineral rights". This exception is consistent with the description of the extent of his undivided interest and inconsistent with a reservation of an undivided one-eighth interest. Moss v. Jourdan, 129 Miss. 598, 92 So. 689. To give the exception any other character it would have to be so amended or otherwise by simple and clear expression enlarged to indicate that there is a reservation of one-half of the minerals owned by the grantor. If there be doubt it is the grantee who receives the benefit. McAllister v. Honea, 71 Miss. 256, 14 So. 264; Reddoch v. Williams, 129 Miss. 706, 92 So. 831; Barksdale v. Barksdale, 92 Miss. 166, 45 So. 615.

We are of the opinion, therefore, that the deed to Mc-Cormick covered the one-fourth mineral interest of the grantor and that the exception was but descriptive of the extent of that interest. The demurrers were properly sustained.

Affirmed.

### Dissenting Opinion.

**Griffith, J.,** delivered a dissenting opinion.

It is a cardinal principle in the construction of contracts, wills, and deeds that every word or clause in the contract or deed must be given a meaning of weight and importance, if reasonably possible, or, as otherwise stated, no word or clause is to be stricken therefrom so long as it is reasonably possible to construe the contract so as to retain therein the questioned word or clause as having some real effect. Among the numerous cases and texts to that effect there may be cited Dunn v. Stratton, 160 Miss. 1, 133 So. 140; Southern Ry. Co. v. Anderson, 158 Miss. 543, 130 So. 743; Shapleigh Hardware Co. v. Spiro, 141

254

Miss. 38, 106 So. 209, 44 A. L. R. 393; Harris v. Townsend, 101 Miss. 590, 58 So. 529; 12 Am. Jur., pp. 774, 775; 16 Am. Jur., pp. 534, 535.

What has been done here by the majority is simply to strike out of the deed the clause, "less and except one-half of all mineral rights." When all that is said by the majority is pursued through to the end, what comes out at the end is that the clause, so far as its actual effect is concerned, amounts to the same as if it had never been inserted in the deed at all. Strike out the clause and it produces the same result precisely which the majority reaches. And it is a mere plausibility, as I respectfully submit, that the majority seeks to submerge the clause in the supposed warranty. But Fatherree did not warrant any definite interest in the land; he conveyed and warranted only his undivided interest, which was a warranty only that he had some interest, and it was perfectly consistent with that warranty that he should retain, as he did, a half interest in all mineral rights then owned by him, which, without the reservation or exception, would have gone with the conveyance—an interest which he did retain but which the Court now takes away from him, and which in my opinion ought not to be done.

**Smith, C. J.**, concurs in this dissent.