McCuiston *v.* Blaylock.

Dec. 1, 1952

No. 38563          10 Adv. S. 12          61 So. 2d 332

*H. T. Holmes* and *Robertson Horton,* for appellant.

*J. W. Conger,* for appellee.

HALL, J.

This case involves an interpretation of a deed executed by Lloyd T. Binford and wife to appellant on July 1, 1948. This deed conveyed with general warranty of title numerous parcels of land situated in Montgomery County, including "All of the NE¼ of Section 6, Township 20, North Range 6 East, south and west of Bogue Creek and north and east of the I. C. R. R. and east of Town Lot Property, less and except the following parcels:" Then follow five references to conveyances theretofore made in fee simple by Binford, numbered (A) to (E) respectively, after which there follows "(F) That conveyed to Henry Blaylock (lifetime deed) on Febru-

ary 10, 1945, as recorded in Book X, page 571. (G) That conveyed to T. F. Taylor, Jr., (lease) on February 2, 1947, as recorded in Book AA, page 227." Following the above there are numerous other parcels conveyed and the deed then recites "All acreage given in the foregoing descriptions are intended to be more or less. It is intended by this instrument to convey all land in Montgomery County, Mississippi, now owned by the parties of the first part."

The deed to Henry Blaylock and his wife conveyed only a life estate with remainder in Binford. Henry Blaylock died August 7, 1947, and his wife died on or about December 7, 1949. Thereafter Binford conveyed to their son, the appellee herein, on December 20, 1949, the same land in which he had previously conveyed a life estate to Henry Blaylock and wife, and this suit followed between appellant and appellee for an adjudication as to which of them has title to said parcel.

Prior to execution of the deed from Binford to appellant some correspondence passed between them relative to their proposed trade. On March 23, 1948, Binford wrote Blaylock: "If satisfactory, I can make the deed read 'all of my Duck Hill and Montgomery County property and holdings,' including lot deeded to Blaylock and wife during their lifetime. * * * I wrote T. F. Taylor about 10 days ago requesting copy of his timber contract but have had nothing from him. My impression is that the contract for cutting expired several months ago, although it might extend through this year; however, if anyone is cutting timber on the land notify them that you have purchased the land and if they want to cut the timber show their contract for cutting the timber. Then if their contract has expired or they don't care to show the one they have you could stop them from cutting and demand payment for the timber they have cut this year." On April 3, 1948, Binford wrote appellant: "I took the matter of the deed up with my attorney, Judge Stickley, and he stated that the deed would have to describe the

land by metes and bounds, otherwise you would have difficulty in locating it, so, of course, your deed will describe the land just as it is described to the National Farm Loan. * * * If you prefer I could add after the description of the land the Blaylock land and all other holdings which I may have in Montgomery County."

These letters which constituted the negotiations leading up to the execution of the deed clearly show that it was the intention of both Binford and McCuiston that the remainder estate in that to which Henry Blaylock and wife held a life estate should be conveyed to McCuiston, and in the deed itself, into which these letters were merged, it was specifically stated that Binford was conveying to McCuiston all the land which he owned in Montgomery County. This necessarily included his remainder estate in the Henry Blaylock land which is the subject of this suit.

We reach this conclusion from a consideration of the several rules which have been laid down by this Court with reference to construction of the language used in deeds.

(Hn 1) In this case it is undisputed that Binford had the deed prepared by his attorney. If there is any doubt as to what is intended to be conveyed the grantee receives the benefit of that doubt. Fatheree v. McCormick, 199 Miss. 248, 24 So. 2d 724; McAllister v. Honea, 71 Miss. 256, 14 So. 264; Reddoch v. Williams, 129 Miss. 706, 92 So. 831; Barksdale v. Barksdale, 92 Miss. 166, 45 So. 615.

(Hn 2) In Richardson v. Moore, 198 Miss. 741, 22 So. 2d 494, the following rules of construction were laid down: "(1) The deed must be read in the light of the circumstances surrounding the parties when it was executed; (2) that the construction should be upon the entire instrument, and each word and each clause therein should be reconciled and given a meaning, if that can be reasonably done; (3) that the main document and that to which it refers must be construed together; (4) that (Hn 3) if the wording of the deed is ambiguous, the practical construc-

tion placed thereon by the parties will have much weight in determining the meaning; and (5) that in case the deed is ambiguous, and subject to two possible constructions, one more favorable to the grantee, and the other more favorable to the grantor, that construction favorable to the grantee will be adopted.''

(Hn 4) Applying the foregoing rules, it appears that Binford had long since moved away from Montgomery County and was residing in Memphis, Tennessee; he desired to dispose of all his holdings in Montgomery County; he had conveyed a life estate to Henry Blaylock and wife in the parcel of land involved in this suit with a specific reservation of the remainder in himself; in order to protect against his general warranty in his deed to appellant it was necessary that his deed show this outstanding life estate; then in order that there should be no doubt that he was conveying everything that he owned in Montgomery County he added the ''catch-all'' clause after having given specific descriptions of the various parcels of land conveyed. Giving full effect to the entire instrument, it is clear to our minds that Binford intended to convey and did convey to appellant his remainder fee simple estate in the Henry Blaylock parcel.

(Hn 5) Another consideration is that when appellee purchased from Binford in December 1949 he made no investigation whatever as to the title to the parcel in question. Notwithstanding this he was charged with notice of all the terms of the deed to McCuiston which had long since been placed of record. Adams v. Hill, 208 Miss. 341, 44 So. 2d 457, citing with approval Dead River Fishing & Hunting Club v. Stovall, 147 Miss. 385, 113 So. 336. Had appellee investigated the title he would have seen that Binford had already conveyed to appellant his entire holdings in Montgomery County.

It follows that the decree of the lower court in awarding the parcel in question to appellee is erroneous and

the same is reversed and judgment will be here entered in favor of appellant.

Reversed and judgment here.

*McGehee, C. J.,* and *Roberds, Arrington* and *Ethridge, JJ.,* concur.